## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHAWN WILLIAMS,** | : | |
| **Petitioner** | : | **CIV. ACTION NO. 3:25-1523** |
| **v.** | : | **(JUDGE MANNION)** |
| **THOMAS S. MCGINLEY,** | : | |
| **Respondent** | : | |

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. §2254 in which petitioner challenges the legality of a 2018 conviction and sentence in the Lycoming County Court of Common Pleas. The petition will be dismissed without prejudice as untimely.

## I. BACKGROUND

Petitioner, Rashawn Williams, was charged with first-degree murder and several other offenses for a stabbing that occurred on June 22, 2017, in Williamsport, Pennsylvania. *Commonwealth v. Williams*, 241 A.3d 1094, 1097 (Pa. Super. Ct. 2020). Williams was convicted following a jury trial in 2018, and sentenced to life in prison without the possibility of parole. *Id.* at 1098-1100.

Williams appealed, arguing that (1) the trial court erred by admitting text messages between him and the victim; (2) the trial court erred by admitting a photograph from his phone; (3) the trial court erred by limiting the testimony of his expert witnesses; (4) the trial court erred by allowing the Commonwealth's crime scene processing expert to testify regarding blood spatter evidence when he had not been qualified as a blood spatter expert; (5) the trial court erred in its treatment of impeachment evidence; (6) the trial court erred by excluding relevant rebuttal evidence; and (7) the jury should have been instructed on the castle doctrine and self-defense. *Id.* at 1100-01. The Pennsylvania Superior Court affirmed the judgment on October 8, 2020. *Id.* at 1112. Williams did not seek further review by the Pennsylvania Supreme Court. *Commonwealth v. Williams*, 319 A.3d 44 (Table), No. 1377 MDA 2023, 2024 WL 1715129, at *3 (Pa. Super. Ct. Apr. 22, 2024).

Williams filed a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on April 19, 2021. *Id.* The Court of Common Pleas denied the petition on September 28, 2023. *Id.* at *1. Williams appealed, advancing three claims of ineffective assistance of counsel on appeal. *Id.* at *4. The Superior Court affirmed the denial of the PCRA petition on April 22, 2024. *Id.* at *9. Williams filed a petition for allowance of appeal

2

to the Pennsylvania Supreme Court, which was denied on September 18, 2024. *Commonwealth v. Williams*, 326 A.3d 399, 400 (Pa. 2024).

Williams filed the instant case on August 18, 2025. (Doc. 1). He advances two claims for relief: (1) that there was no probable cause for his arrest; and (2) that there was no documentation of any search warrants, indicating that police obtained evidence illegally. (*Id.*) Williams acknowledges that he has not raised his claims in state court, but asserts that his failure to do so was because his "lawyers were ineffective." (*Id.* at 5, 7).

On October 6, 2025, the court issued an order requiring petitioner to show cause why the case should not be dismissed as untimely pursuant to *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). (Doc. 9). The court directed Williams to respond to the order no later than November 5, 2025. (*Id.*) Williams responded to the order on October 23, 2025, arguing that his claims "are newly discovered evidence," and should thus be treated as timely. (Doc. 10).

## II.   STANDARD OF REVIEW

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. §2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. §2254 Rule 4. A district court may *sua sponte* dismiss a

habeas corpus petition as untimely pursuant to a Rule 4 review if the court

first gives the petitioner notice and an opportunity to respond. *Bendolph*, 409

F.3d at 158.

## III. DISCUSSION

Section 2254 petitions are subject to a one-year statute of limitations,

which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1). The limitations period is tolled during the

pendency of a "properly filed" application for post-conviction relief in state

court. *Id.* §2244(d)(2). The limitations period may also be equitably tolled if

the petitioner shows "(1) that he has been pursuing his rights diligently, and

4

(2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

In addition to statutory and equitable tolling, the limitations period may be excused under the actual innocence exception, which requires a petitioner to present new evidence that shows "it is more likely than not that no reasonable juror would have convicted the petitioner." *McQuiggin v. Perkins*, 569 U.S. 383, 394-95 (2013) (internal alterations omitted). A petitioner invoking the actual innocence exception must "(1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021).

Under Section 2244(d)(1)(A), Williams had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. §2254. *See* 28 U.S.C. §2244(d)(1)(A). His conviction became final on November 9, 2020, the last date he could have sought review by the

Pennsylvania Supreme Court. *See* Pa. R. App. P. 1113(a).[1] The limitations period ran for 161 days until April 19, 2021, when the filing of Williams's PCRA petition statutorily tolled the limitations period. *See* 28 U.S.C. §2244(d)(2). The statutory tolling continued until September 18, 2024, when the Pennsylvania Supreme Court denied his petition for allowance of appeal and therefore ended the appellate process for his PCRA petition. *Williams*, 326 A.3d at 400. At that point, based on the 161 days that had already elapsed towards the end of the limitations period, Williams had 204 days remaining to timely file his petition, meaning that he was required to file it no later than April 10, 2025. He did not file his petition until August 18, 2025, meaning that the petition is untimely by approximately four months.

The only argument Williams advances as to why his petition should not be dismissed as untimely is that his arguments represent "newly discovered evidence." (Doc. 10 at 1). He additionally argues that the newly discovered evidence "could not have been discovered in time to move for a new trial." (*Id.*)

---

[1] The thirty-day deadline to file a petition for allowance of appeal under Rule 1113(a) would ordinarily fall on November 7, 2020, but because that day fell on a Saturday, the deadline was automatically extended to November 9, 2020. 1 Pa.C.S. §1908.

This argument is meritless. To show that the limitations period for a Section 2254 habeas petition was triggered by new evidence requires a "highly fact- and context-specific analysis" of what facts petitioner knew at the relevant time, when he learned of the factual basis for his claims, and what steps he took to exercise reasonable diligence to find the facts before that date. *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 285 (3d Cir. 2021). Williams has not offered any of this factual information in his petition or in his response to the court's show-cause order. He simply states in conclusory fashion that his claims represent newly discovered evidence and that he could not have discovered the evidence at an earlier date and does not provide any factual support for his assertions.[2]

There is also no basis to deem the petition timely filed based on equitable tolling or the actual innocence exception. Williams has not advanced any equitable tolling or actual innocence arguments, and it is his burden to do so. *See Pace*, 544 U.S. at 418; McQuiggin, 569 U.S. at 394-95. Hence, because Williams's petition is untimely and there is no basis to

---

[2] Williams's assertion of newly discovered evidence is also contradicted by his petition. Williams explains that he procedurally defaulted both of his claims in state court because his lawyers "were ineffective." (Doc. 1 at 5, 7). This statement implies that if his counsel had provided reasonable assistance that they could have advanced these claims during his state court proceedings. But this would have been impossible if, as Williams argues, his claims are based on "newly discovered evidence."

toll the limitations period or excuse it under the actual innocence exception,

the petition will be dismissed with prejudice as untimely.[3]

---

[3] There are multiple other reasons the petition is subject to dismissal. First, Williams has procedurally defaulted his claims by failing to raise them in state court, and his argument that the procedural default occurred due to ineffective assistance of counsel is unavailing. To the extent Williams is arguing that ineffective assistance by trial counsel caused his procedural default, this argument is meritless because he has not presented this ineffective assistance of counsel argument in state court. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (3d Cir. 2000) ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted" if it is not presented in state court). And to the extent Williams is arguing that the ineffective assistance of PCRA counsel caused the procedural default, this argument is meritless because the ineffective assistance by counsel in a collateral proceeding may only excuse the procedural default of an ineffective assistance of trial counsel claim and not any other claims. *Davila v. Davis*, 582 U.S. 521, 529-30 (2017).

Second, Williams's petition seeks habeas corpus relief based on two alleged violations of the Fourth Amendment—the absence of probable cause to support his arrest, and the absence of a warrant for his arrest. (Doc. 1). These Fourth Amendment claims are not cognizable in a federal habeas corpus proceeding. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976).

8

## IV.    CONCLUSION

For the foregoing reasons, this case will be dismissed with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 10/27/25
25-1523-01